IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| GEORGE'S CANDY SHOP, INC., | ) |
| | )   Civil Action No. 08-177-KD-B |
| | ) |
| | ) |

**ORDER**

This matter is before the Court on appeal from an order of the United States Bankruptcy Court for the Southern District of Alabama.  Both C.L. Roofing ("Appellant") and George's Candy Shop ("Appellee" or "Debtor") have submitted briefs in support of their respective positions (docs. 8, 11, 14).  For the reasons set forth herein, the order of the Bankruptcy Judge confirming the Debtor's Plan of Reorganization is AFFIRMED.

I.      Overview

Appellant appeals an order from the Bankruptcy Court confirming the Debtor's Chapter 11 Plan of Reorganization entered on January 30, 2008 following a hearing pursuant to the requirement of 11 U.S.C. § 1128.[1]  Appellant challenges both the factual findings and conclusions of law of the Bankruptcy Court.  In so doing, Appellant relies on arguments that

---

[1] 11 U.S.C. 1128 provides:

(a) After notice, the court shall hold a hearing on confirmation of a plan.

(b) A party in interest may object to confirmation of a plan.

1

were not presented or argued to the Bankruptcy Court. In response Appellee maintains, in sum, that because Appellant failed to submit written objections to the plan prior to the hearing and did not appear at the hearing, the issues raised in Appellant's brief have not been preserved for appeal.

II.     Background

On February 12, 2007, Debtor filed a Petition for Relief under Chapter 11 in the United States Bankruptcy Court for the Southern District of Alabama. On March 6, 2007 Debtor filed its Schedules and Statement of Financial Affairs, reflecting total assets of $661,779.07 and total liabilities of $1,360,847.61, with secured creditors holding claims totaling $706,765.32. [2] Appellant, and its principal stockholder, Charles Latham, were listed on Schedule F as unsecured creditors, holding a judgment against Debtor in the sum of $163,000.00.

The Debtor filed its proposed Chapter 11 Plan[3] and proposed Disclosure Statement on November 1, 2007. On November 5, 2007 the Bankruptcy Court set a hearing for December 18, 2007 to consider the approval of the Disclosure Statement. The court set a deadline of December 11, 2007 for the filing of written objections to the Disclosure Statement**.** No objections were filed. Thereafter, on December 20, 2007, the Bankruptcy Court approved the Disclosure Statement and set a hearing for January 29, 2008 to consider confirmation of the proposed Plan.

---

[2]  An amended financial statement was submitted on March 19, 2007.

[3]  Under the Plan, the claims were divided into 5 classes with a separate class for the equity security holders. Of the five classes of claims, the three secured creditors were each placed in separate classes (Classes 1, 2, and 3), Class 4 was composed of all general unsecured claims of noninsiders. (Appellant's claim was place in this class), and Class 5, composed of the general unsecured claims of insiders. The Plan provides that the secured classes, (i.e. 1, 2, and 3) be paid the full amount of their respective secured claims plus interest, that Class 4 creditors be paid 10% of their claims and that Class 5 creditors receive a zero distribution.

The order further directed that notice be given of the hearing date and of the dates by which objections to the Plan and acceptances or rejections of the Plan were to be filed. [4]

Pursuant to the order, ballots were submitted to the named creditors. [5] On January 29,

---

[4] The court's order directed, in pertinent part, as follows:

3. The Debtor shall at its expense cause the Disclosure Statement and all documents referred to in this paragraph to be duplicated or printed and the Debtor shall transmit by mail to all of the scheduled holders of a claim under the Plan and to those entities that have filed proofs of claim to which an objection to claim has not been sustained (a) a copy of the Plan; (b) a copy of the Disclosure Statement; (c) a copy of this order; and (d) ballot for accepting or rejecting the Plan;

4. Acceptances or rejections of the Plan thereto must be in writing and, to be counted must be received by the Debtor's attorney, Irvin Grodsky, 454 Dauphin Street, Post Office Box 3123, Mobile, Alabama 36652, on or before 5:00 o'clock p.m. Central Standard Time on TUESDAY, JANUARY 22, 2008.

5. Any and all objections to confirmation of the Plan must be in writing and, and must be electronically filed with the Court on or before 5:00 o'clock p.m. Central Standard Time on TUESDAY, JANUARY 22, 2008, together with proof of service on Irvin Grodsky, 454 Dauphin Street, Post Office Box 3123, Mobile, Alabama 36652. Confirmation of the Plan may discharge all claims against the Debtor as of the Confirmation Date.

[5] The ballot provides, in pertinent part, as follows:

THE PLAN OF REORGANIZATION REFERRED TO IN THIS BALLOT CAN BE CONFIRMED BY THE COURT AND THEREBY MADE BINDING ON YOU IF IT IS ACCEPTED BY THE HOLDERS OF TWO-THIRDS IN AMOUNT AND MORE THAN ONE-HALF IN NUMBER OF CLAIMS IN EACH CLASS VOTING ON THE PLAN. IN THE EVENT THE REQUISITE ACCEPTANCES ARE NOT OBTAINED, THE COURT MAY NEVERTHELESS CONFIRM THE PLAN IF THE COURT FINDS THAT THE PLAN ACCORDS FAIR AND EQUITABLE TREATMENT TO THE CLASS REJECTING IT. TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT.

The distributions to holders of claims under the Plan of Reorganization are set forth on pages 4 through 8 of the Plan of Reorganization and are summarized in the Disclosure Statement Accompanying Plan of Reorganization. On February 12, 2007 (the "Filing

2008 counsel for Debtor submitted a Certification of Ballots Received which reflected the following:

> One (I) Class 3 Ballot for $412,469.26 to accept the Plan.
> Four (4) Class 4 Ballots in the amount $430,273.28 to accept the Plan.
> One (1) Class 4 Ballot (voted in duplicate) for $170,392.40 to reject the Plan.[6]
> One (1) Class 5 Ballot for $31,748.00 to accept the Plan.

(Doc. 1, Exhibit 2)

The deadline for written objections to the plan passed with no objections being filed with the court.  Neither Appellant nor its counsel of record attended the January 2008 hearing, nor did Appellant submit any written objection to confirmation.  After considering the pleadings, testimony, evidence and the tabulation of ballots, the Bankruptcy Court made the following findings of fact:

> 1. The Plan of Reorganization, a copy of which is attached hereto as Exhibit "A", has been accepted in writing by the creditors whose acceptances are required by law.
>
> 2. The Debtor has complied with the provisions of Chapter 11 of Title 11 of the United States Code and the Plan has been proposed in good faith and not by any means forbidden by law.
>
> 3. The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that are impaired thereunder.
>
> 4. All payments made or promised by the Debtor under the Plan, or by any other person for services or for costs and expenses, or in connection with the Plan and

---

Date"), the Chapter 11 bankruptcy of GEORGE'S CANDY SHOP, INC. was filed. The claimant named below holds a claim against GEORGE'S CANDY SHOP, INC. which claim was, on the Filing Date, or is at the present (whichever is less) in the amount of $_____.  Claimant: _____ Accepts or _____ Rejects (check one) the Plan of Reorganization of the above named Debtor filed on November 1, 2007.

[6] This is the ballot of Appellant, C. L. Roofing.

incident to the case, have been fully disclosed to the court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court.

Appellant filed no post trial motions in the bankruptcy court.  On April 4, 2008 the Appellant filed the instant appeal with this Court.  The appeal has been fully briefed and is now ripe for the Court's consideration.[7]

III.   Standard of Review

In a bankruptcy case, the district court operates as an appellate court.  In re Sublett, 895 F.2d 1381, 1383-1384 (11th Cir.1990).  In this capacity the district court may not make independent factual findings, but rather, must affirm the bankruptcy court's findings of fact unless they are clearly erroneous.  Alabama Dept. of Human Resources v Lewis, 279 B.R. 308, 313-14 (S.D. Ala. 2002) (citing In re Club Associates, 956 F.2d 1065, 1069 (11th Cir. 1992)); see also  In re Spiwak, 285 B.R. 744, 747 (S.D. Fla. 2002) ("A district court reviewing a bankruptcy appeal is not authorized to make independent factual findings; that is the function of the bankruptcy court."); Fed.R.Bankr.Proc. 8013 (on appeal, bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous"). A finding of fact is clearly erroneous when, even if there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.  In re Hatem, 273 B.R. 900, 903 (S.D. Ala. 2001).

By contrast, a district court reviews a bankruptcy court's conclusions of law de novo. In re Simmons, 200 F.3d 738, 741 (11th Cir.2000); In re Monetary Group, 2 F.3d 1098, 1103 (11th Cir.1993)(legal determinations are reviewed de novo).  Equitable determinations are reviewed

---

[7]  Appellant moves the Court for oral argument.  The Court finds that oral argument is not necessary and would not provide the Court with any information not contained in the parties' briefs.  Accordingly, the motion for oral argument is **DENIED.**


under an abuse of discretion standard. Spiwak, 285 B.R. at 748 (citing In re Red Carpet Corp. of Panama City Beach, 902 F.2d 883 (11th Cir.1990)). With this legal framework in mind the court now turns to the specific grounds asserted in this appeal.

IV.     Discussion

As a threshold matter, the Court must first determine whether it may properly consider the merits of Appellant's arguments.[8] The record reflects that Appellant cast a vote rejecting confirmation of the plan, but further reflects that Appellant did not file a written objection to the Plan, nor did Appellant or its counsel appear at the hearing on the confirmation in January 2008. In fact, Judge Shulman's order confirming the Plan specifically recites that no objections were filed.

The appellant predicates this appeal upon issues and arguments which were never presented to the bankruptcy court for consideration.[9] It is well settled that "issues raised for the

---

[8] In its statement of issues appellant argues that this court "can review and reverse the bankruptcy court in this case, due to the undisputed diversion of $170,000.00 from the debtor's Whitney Bank account." (Doc. 14 at 5) Appellant argues, in sum, that the Plan does not meet the "best interest of creditors test" or the "fair and equitable test." Appellant also lodges arguments as to the propriety of the Disclosure Statement to which it also admittedly did not file an objection.

[9] The Appellant challenges the court's factual findings and approval of the reorganization plan as follows: (a) Scott Gonzales breached the fiduciary duty imposed by law in manipulating the assets and liabilities of the debtor in possession; (b) the debtor in possession breached its fiduciary duty to the creditors by failing to pursue recovery of $170,000.00 withdrawn by Gonzalez 12 days before filing for bankruptcy. Appellant further contends that the court's conclusions of law as follows: (a) debtor failed to comply with Title 11, Chapter 11 and the plan did not meet the requirements of the Act in that creditors could have received more in a chapter 7 liquidation; (b) Plan as approved discriminates unfairly against unsecured creditors. (Doc. 8 at 2)

first time on appeal are ordinarily not considered by an appellate court as a basis for reversal." See Von Kerssenbrock Praschma v. Saunders, 121 F.3d 373, 375-76 (8th Cir.1997); Kelley v. Crunk, 713 F.2d 426, 427 (8th Cir.1983) (per curiam); Guy v. Danzig (In re Danzig), 233 B.R. 85, 96 (8th Cir. 1999) ("Ordinarily, we will not entertain issues raised for the first time on appeal."), aff'd, 217 F.3d 620 (8th Cir.2000); see also U.S. v. Williams, 156 B.R. 77 (S. D. Ala. 1993) ( "This court's function on appeal from a Bankruptcy Court's determination is to reverse, affirm, or modify only those issues that were presented to the trial judge.")  Moreover, issues that are not actively litigated, or issues that are presented only in a cursory manner before the bankruptcy court are also deemed not preserved for appeal. In re Espino, 806 F.2d 1001 (11th Cir.1986); In re Scaife, 825 F.2d 357 (11th Cir.1987); In re Monetary Group, 91 B.R. 138, 140 (M.D.Fla.,1988) ("[I]f the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal.") See also Telfair v. First Union Mortgage, 216 F.3d 1333 (11th Cir. 2000) (arguments not raised before the bankruptcy court or district court would not be heard for the first time on appeal); *cf.* In re Brickell Inv. Corp., 922 F.2d 696 (11th Cir.1991) (appellate court was obliged to consider sua sponte a jurisdictional issue not presented to or considered by the Bankruptcy Court).

In re Eason, 178 B.R. 908 (M.D. Ga. 1994), the district court for the Middle District of Georgia opined, in part:

> A creditor that had the opportunity to object that the plan did not meet the requirements for confirmation may not later assert any interest other than that provided for it by the confirmed plan. See United States on Behalf of I.R.S. v. Norton, 717 F.2d 767, 774 (3rd Cir.1983).  Section 1327 of the Bankruptcy Code prevents a creditor from asserting after confirmation and during the term of the plan, any rights other than those provided for it by the confirmed plan . See Anaheim Savings and Loan Assn. v. Evans ( In re Evans), 30 B.R. 530 (9th Cir. BAP 1983); Rhode Island Central Credit Union v. Zimble ( In re Zimble), 47 B.R.

> 639 (Bankr.D.R.I.1985); see also Lawrence Tractor Co. v. Gregory ( In re Gregory), 705 F.2d 1118 (9th Cir.1983) (failure to raise objection or appeal confirmation order precluded attack on Chapter 13 plan); Matter of Battle, 164 B.R. 394 (Bankr.M.D.Ga.1994) (creditor's objection to confirmation barred; oversecured creditor's failure to object to or appeal from Chapter 13 confirmation order barred claim for interest; opinion primarily based on the binding effect of § 1327 of the Bankruptcy Code).

Id. at 912. See also U.S. v. Williams, 156 B.R.at 80 (arguments not presented to or considered by the Bankruptcy Court could not be raised on appeal); In re Freeman, 956 F.2d 252, 255 (11th Cir.1992) (declining to consider issues not raised with the bankruptcy court).

Notwithstanding the foregoing discussion, the Eleventh Circuit has carved out some exceptions allowing courts to consider arguments presented for the first time on appeal. See Dean Witter Reynolds, Inc. v. Fernandez, 741 F.2d 355 (11th Cir.1984). The exceptions, purposefully narrow in scope, include circumstances where: (1) the issue involves a pure question of law and the refusal to consider it would result in a miscarriage of justice; (2) appellant had no opportunity to raise the objection in the lower court; (3) substantial interest of justice is at stake; (4) the proper resolution is beyond any doubt; and (5) the issue presents significant questions of general impact or great public concern. Id. at 360-61.

Appellant does not argue that it failed to receive notice of the hearing or the opportunity to file a written objection to the plan. Regarding the failure to file a written objection to the plan prior to its confirmation, Appellant's counsel argues that his client was constrained from more active participation in the proceedings because of health problems and financial constraints.[10] Appellant states in sum:

---

[10] Counsel maintains that he and his client did "attend one meeting of the creditors in this case, or perhaps a conference to discuss the disclosure plan." Counsel does not argue that he or his client voiced any objections to the Plan at this meeting or conference.

> Of course, as DIP points out in brief, C.L.Roofing did not bring an adversary proceeding, or otherwise challenge this valuation [of the 558 Broad Street property] in the lower Court, except for voting against the proposed Plan. Neither did CLRI make appropriate objections to other steps in the bankruptcy procedure, for some very good reasons. Gonzalez refusal to pay CLRI left it destitute, and unable to compete in a commercial construction market. It was unable to obtain workers compensation insurance, a required prerequisite to construction activity. Certainly, C. L. Roofing was not in a position to pay the $200.00 per hour legal fees that Gonzalez can afford.

(Doc. 15 at 9)  Appellant further argues, generally, that the confirmation plan is unfair to the creditors.  The Court finds these arguments do not meet any of the five exceptions identified as warranting consideration when not raised in the district court.

V.      Conclusion

The judgment of the Bankruptcy Court is hereby **AFFIRMED** and the appeal is **DISMISSED.**

**DONE** this the 28th day of July 2008.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**